UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TIA WOODS

VERSUS

ASSOCIATED MARINE & INDUSTRIAL
STAFFING, INC.

CIVIL ACTION

NO. 14-134-JJB

### RULING AND ORDER

This matter is before the court on a motion by plaintiffs for entry of default judgment (doc. 10). Rule 54 (c) of the Federal Rules of Civil Procedure governs demands for default judgment. Rule 54 (c) states, "A judgment by default must not be different in kind from, or exceed in amount, that prayed for in the demand for pleadings."[1]

Premised upon a concept of notice, courts have interpreted Rule 54(c) to mean that a default judgment is limited to the relief specifically demanded in the complaint.[2] As noted in a leading treatise, "The theory of this provision is that the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend

---

[1] FED. R. CIV. P. 54(c).

[2] See Felhaber v. Felhaber, 681 F.2d 1015, 1025 (5th Cir. 1982) (quoting the California Supreme Court "If no specific amount of damages is demand, the prayer cannot insure adequate notice of the demands made upon the defendant." (citations omitted)).

the action."[3]

In the matter at hand, the complaint fails to specify any amount of damages. Consequently, defendant has not been put on notice as to the amount of damages. Under the circumstances, the court, exercising its discretionary powers, instructs plaintiff to file an amended complaint with specific damage amounts.

Accordingly, the motion for default judgment is DENIED but may be reurged following amendment of the complaint and service thereof, should defendant not timely answer.

Baton Rouge, Louisiana, November 20th, 2014.

JAMES J. BRADY,
DISTRICT JUDGE

---

[3] 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2663 (3d ed.).